UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VINTON P. FROST,<br><br>    Plaintiff,<br><br>v.<br><br>MONTY WILKINSON,<br><br>    Defendant. | Case No. 17-cv-01587-LB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[Re: ECF Nos. 12, 36, 39] |

**INTRODUCTION**

This is a case under the Freedom of Information Act ("FOIA") (5 U.S.C. § 551 *et seq.*). Plaintiff Vinton P. Frost requested records from the Executive Office for United States Attorneys ("EOUSA"). The agency conducted a FOIA search and told Mr. Frost that it had no documents responsive to his request. Not believing this answer, Mr. Frost filed this suit. He claims that EOUSA "improperly withheld" responsive information.[1] The defendant now moves to dismiss the complaint or, alternatively, for summary judgment.[2] The parties have consented to magistrate jurisdiction.[3] The court can decide this motion without oral argument. *See* Civil L.R. 7-1(b).

---

[1] *See* Compl. – ECF No. 1; Opp. – ECF No. 25. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 36.

[3] ECF Nos. 4, 11.

ORDER – No. 17-cv-01587-LB

Because Mr. Frost has not named a proper defendant, the court grants the motion to dismiss. The plaintiff has 28 days in which to filed an amended complaint that names a proper defendant. The court also addresses the merits of the plaintiff's claim.

**STATEMENT**

In January 2017, Mr. Frost made a FOIA request to the EOUSA. He asked the EOUSA to provide him with "all documents" maintained in the Office of the United States Attorney for the Northern District of California ("USAO–NDCA") "pertaining to or referencing me, Vinton Frost."[4] In early May 2017, the EOUSA answered Mr. Frost's FOIA request.[5] It explained that it had searched the USAO–NDCA's files and found "no responsive records."[6]

The defendant has filed two sworn declarations that more fully explain the steps that the EOUSA took to search for material that answered Mr. Frost's FOIA request. Specifically, the defendant has filed the declaration of Tricia Francis, the EOUSA attorney who oversaw the document search,[7] and that of Patricia Mahoney, the USAO–NDCA legal assistant who actually conducted the search.[8] Ms. Mahoney explains that she reviewed the USAO–NDCA's "official files and records" as follows:

> Under the supervision of USAO/NDCA FOIA Contact, [Assistant United States Attorney] Laurie Kloster Gray, I reviewed Mr. Frost's letters . . . and conducted a name search on the two USAO programs, Alcatraz and Caseview, used for researching and locating case matters in the USAO/NDCA. My standard practice is to access these two programs to process FOIA matters. This search would have located any civil or criminal matters involving Mr. Frost handled by the USAO/NDCA.[9]

---

[4] *See* Compl. – ECF No. 1 at 9; ECF No. 36-1 at 19.

[5] ECF No. 36-1 at 26–27.

[6] *Id.* at 26.

[7] Francis Decl. – ECF No. 36-1.

[8] Mahoney Decl. – ECF No. 36-2.

[9] *Id.* at 2 (¶ 7).

ORDER – No. 17-cv-01587-LB     2

1 Ms. Mahoney reports that her search returned "nothing responsive."[10] She concludes by
2 explaining: "[T]here are no other places within the custody and control of the USAO/NDCA
3 where the requested information is likely to be found."[11]

4 The plaintiff then filed this suit. He claims that the EOUSA — or, more exactly, its director,
defendant Monty Wilkinson — "has been negligent in his duties to comply with" FOIA.[12] He
alleges that the EOUSA erroneously declared that it completed his request.[13] (In opposing the
defendant's motion, tracking the requirements for a viable FOIA claim, the plaintiff adds that the
EOUSA "improperly withheld" documents — perhaps even classifying them so as to put them
"out of reach from FOIA requests."[14]) Mr. Frost seeks an injunction ordering the EOUSA "to
respond to his FOIA request in compliance with statutes and laws."[15]

## ANALYSIS

The defendant moves to dismiss the plaintiff's claim as moot and for naming the wrong
defendant.[16] Alternatively, it moves for summary judgment against the complaint.[17] The court
addresses these arguments in turn.

**1. Mootness**

The defendant first argues that its response to Mr. Frost's FOIA request moots his claim and
deprives this court of subject-matter jurisdiction over this case.[18] "The Ninth Circuit," the
defendant argues, "has held that an action for production of documents pursuant to FOIA becomes

---

[10] *Id.* at 2 (¶¶ 8, 11).
[11] *Id.* at 2 (¶ 12).
[12] Compl. – ECF No. 1 at 4.
[13] *Id.*
[14] ECF No. 25 at 1–3.
[15] Compl. – ECF No. 1 at 4.
[16] ECF No. 36 at 1–2.
[17] *Id.*
[18] ECF No. 36 at 4–6.

ORDER – No. 17-cv-01587-LB          3

moot once the requested documents have been produced, regardless of when they are produced." (ECF No. 36 at 6) (citing *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002)); *see generally, e.g. Rosmere Neighborhood Ass'n v. United States Envmtl. Protection Agency*, 581 F.3d 1169, 1172–73 ("In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot.") (quoting *Pub. Util. Comm'n v. FERC,* 100 F.3d 1451, 1458 (9th Cir. 1996)).

The court understands the defendant's mootness argument but does not think that it quite applies here. The plaintiff is not merely demanding that the EOUSA do something that it has already done (conduct a FOIA search); he is claiming that that search was somehow inadequate. (Because it "improperly withheld" perhaps "classified" documents.) At least notionally, that is a live dispute. If it were shown that the EOUSA did refuse to turn over documents that it possessed, then the court could order the agency to product that material to Mr. Frost. The court could, in other words, "grant effective relief." *See Rosmere Neighborhood*, 581 F.3d at 1173.

### 2. Improper Defendant

The EOUSA also argues that defendant Monty Wilkinson is an improper party.[19] (Mr. Wilkinson writes that he is an "employee" of the EOUSA.[20]) The USAO-NDCA points out, "correctly, that under the FOIA, only agencies are proper parties to FOIA actions." *See, e.g., Bay Area Lawyers Alliance For Nuclear Arms Control v. Dep't of State*, 818 F. Supp. 1291, 1294 (N.D. Cal. 1992) (citing 5 U.S.C. § 552(a)(4)(B)). This defendant is therefore dismissed from this action. *See id.*

With no other defendant before the court, that effectively disposes of the complaint. The complaint is dismissed without prejudice. The plaintiff will have 28 days (from the date of this order) to file an amended complaint that named a proper defendant. This does not entirely end the court's discussion.

---

[19] *Id.* at 5–6.
[20] *Id.* at 6.

### 3. Summary Judgment

The court proceeds to consider the merits of the plaintiff's claim. This may be viewed either as an alternative ruling, should its dismissal of Mr. Wilkinson prove mistaken, or as an exercise in judicial economy to guide the parties' ongoing assessment of this case.

Were a proper defendant before it, on the record before it, the court would be inclined to grant summary judgment against the plaintiff. His claim appears to be without merit. Where the defendant agency certifies that it conducted a FOIA search in a "relatively detailed and nonconclusory way," and explains that it has either found nothing or produced all non-exempt documents, as the defendant has done here, then summary judgment against a FOIA claim is permitted. *Papa*, 281 F.3d at 1013. As the Ninth Circuit has more fully explained:

> FOIA requires an agency responding to a request to demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents. An agency can demonstrate the adequacy of its search through reasonably detailed, nonconclusory affidavits submitted in good faith. Affidavits submitted by an agency to demonstrate the adequacy of its response are presumed to be in good faith. In evaluating the adequacy of the search, the issue is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*. The failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate.

*Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770–71 (9th Cir. 2015) (quotations and citations omitted) (emphasis in *Hamdan*).

The plaintiff has pointed to no evidence suggesting that the defendant's declarations explaining its search were not made in good faith, or that the search itself was in any way "inadequate." Indeed, strictly speaking, he does not deny that the defendant conducted the search that Ms. Francis and Ms. Mahoney describe. He offers instead only terse, unsupported speculation. He "believes" that "FOIA records exist in the classified file system at USAO/NDCA"[21]; he "believes," as well, that these documents "have been wholly classified in bad faith to make them 'FOIA unreachable.'"[22] Mr. Frost fails to identify any *proof* bolstering these allegations. This is the purest form of unfounded speculation.

---
[21] ECF No. 25 at 3.

[22] *Id.*

ORDER – No. 17-cv-01587-LB    5

Finally, the court believes that (again, given a proper defendant) it could consider material outside the complaint and treat the defendant's motion, not under Rule 12(b)(6), but as a merits disposition under Rule 56. The plaintiff was on sufficient notice that it faced a dispositive summary-judgment motion: The defendant framed and entitled its motion as one to dismiss or for summary judgment under Rule 56.[23] The plaintiff opposed the "Motion to Dismiss or for Summary Judgment."[24] His opposition did not attach further material. Two other points are also worth making. First, the plaintiff attached to his complaint significant documentation establishing his FOIA request and the EOUSA's response.[25] Second, this is a context in which further discovery is unlikely to produce anything of interest. The plaintiff's request, at bottom, is that the EOUSA be required to search for certain documents.[26] The EOUSA has submitted sworn declarations explaining that it has done that. The plaintiff points to absolutely nothing that plausibly impugns those declarations. His speculations about "classified" matter and governmental efforts to "conceal unconstitutional public-private partnerships"[27] do not persuade otherwise. "As the Supreme Court cautioned in a case involving FOIA, government misconduct is 'easy to allege and hard to disprove, so courts must insist on a meaningful evidentiary showing.'" *Hamdan*, 797 F.3d at 772 (quoting *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 175 (2004) (other quotation and citation omitted)).

In these circumstances, and where the plaintiff has pointed to no "meaningful," concrete proof that the EOUSA's search was somehow wanting, it is hard to see what evidence is likely to bear on the adequacy-of-search issue. The court would thus be inclined to grant the defendant summary judgment and dismiss the plaintiff's FOIA claim with prejudice. At this juncture, however, given the Ninth Circuit's standards regarding leave to amend, the court dismisses the case with leave to amend.

---

[23] *See* ECF No. 36 at 1–2.

[24] ECF No. 25 at 1.

[25] *See* Compl. – ECF No. 1.

[26] *See id.* at 4.

[27] ECF No. 25 at 3.

ORDER – No. 17-cv-01587-LB 6

## CONCLUSION

The court dismisses the complaint without prejudice. The plaintiff may file an amended complaint, if he chooses, to add a proper defendant and to plausibly allege that his FOIA claim is not moot and is otherwise viable. Any amended complaint must be filed within 28 days of this order: that is, by August 2, 2017. The plaintiff's subsequent motion (ECF No. 39) is denied as moot. This disposes of ECF Nos. 12, 36, and 39.[28]

**IT IS SO ORDERED.**

Dated: July 5, 2017

LAUREL BEELER
United States Magistrate Judge

---

[28] The defendant originally filed his motion under seal. (ECF No. 12.) He then re-filed the identical motion on the open docket. *See* (ECF Nos. 32, 35–36). Only one actual motion is pending, though, and that motion has now been decided.